IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| REBECCA TELLEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:13-CV-007-O-BL |
| | ) | |
| WICHITA COUNTY, TEXAS, *et al.*, | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

This is a civil rights action filed by an inmate confined in the Woodman State Jail in Gatesville, Texas. Plaintiff alleges that she was denied proper medical care when she was confined in the Wichita County Jail. Upon preliminary review of the pleadings, the Court noted that Plaintiff failed to sign her complaint as required under Fed. R. Civ. P. 11(a). On February 8, 2013, an order was entered directing Plaintiff to cure the deficiency within twenty days. Review of the Clerk's docket sheet reflects that Plaintiff has failed to comply with the Court's order.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with

prejudice]." *Id.* In the case at bar, Plaintiff has failed to file a complaint bearing her signature. Absent the filing of a signed complaint, this case cannot proceed.

In light of the status of this case, the imposition of fines and costs is not appropriate. Although she has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice.

The incidents underlying Plaintiff's claims occurred in January and February 2011. Therefore, it appears that Plaintiff's complaint may be barred by the two-year statute of limitations upon dismissal. For that reason, Plaintiff should be afforded another opportunity to cure the defect.

For the foregoing reasons, it is RECOMMENDED that, unless Plaintiff files a properly signed complaint within fourteen (14) days, this action should be DISMISSED without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution. If Plaintiff cures the defect within fourteen days, it is RECOMMENDED that this action be referred back to the undersigned Magistrate Judge for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 7th day of March, 2013.

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　E. SCOTT FROST
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE